IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELISSA NORGREN**, an individual, **JOHN NORGREN**, an individual, and **A.N.**, a minor, <br><br>Plaintiffs,<br><br>v.<br><br>**MUTUAL OF ENUMCLAW INSURANCE COMPANY**, a Washington corporation,<br><br>Defendant. | Case No. 3:14-cv-01591-SB<br><br>**OPINION AND ORDER** |

Lawrence B. Hunt and Charles A. Ford, Hunt & Associates, PC, 101 SW Main Street, Suite 805, Portland, Oregon 97204. Of Attorneys for Plaintiffs.

Thomas M. Christ and Nicole M. Nowlin, Cosgrave Vergeer Kester LLP, 888 SW Fifth Avenue, Suite 500, Portland, Oregon 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on April 21, 2015. Dkt. 38 (hereinafter "F&R"). Judge Beckerman recommended that Plaintiffs' (collectively "the Norgrens") motion for partial summary judgment on Defendant's ("Enumclaw") duty to defend be denied and that Enumclaw's corresponding cross-motion for partial summary judgment be granted.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3).

The Norgrens timely filed an objection, Dkt. 40, to which Enumclaw responded. Dkt. 41. The Norgrens object to the entirety of Judge Beckerman's F&R. Accordingly, the Court reviews the F&R *de novo*. For the reasons below, the Court grants the Norgrens' motion for partial summary judgment and denies Enumclaw's corresponding cross-motion.

## BACKGROUND

The Norgrens are insured by a homeowner's insurance policy issued by Enumclaw.[1] That policy provides that Enumclaw shall defend the Norgrens against claims for bodily injury or property damage caused by an accident—but not for any claims arising out of intentional acts. A.N., the minor child of John and Melissa Norgren, attended middle school with J.H., another minor. The Norgrens are defendants in a state-court lawsuit alleging that over the course of several weeks, A.N. repeatedly physically assaulted J.H. with the intent to harm her. In the instant action, the Norgrens seek a declaratory judgment that Enumclaw is obligated to defend them in that lawsuit and indemnify them against any damages.

## DISCUSSION

The Supreme Court of Oregon has held that "[a]n insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for conduct covered by the policy." *Ledford v. Gutoski*, 319 Or.

---

[1] For a thorough discussion of the facts in this case, see the F&R at 2-7.

PAGE 2 – OPINION AND ORDER

397, 399-400 (1994). "Any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured." *Id.* at 400. If the underlying complaint "contains allegations of *covered* conduct," then "the insurer has a duty to defend, even if the complaint also includes allegations of excluded conduct." *Abrams v. Gen. Star Indem. Co.*, 335 Or. 392, 400 (2003) (emphasis in original). The Supreme Court of Oregon has been emphatically clear on this score: "The insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage." *Ledford*, 319 Or. at 400 (emphasis in original).

In this case, the complaint in the underlying state-court action alleges claims for, among other things, battery and negligent infliction of emotional distress ("NIED"). On its face, the NIED claim is not a claim for intentional conduct and is therefore covered by the policy. Enumclaw responds by asserting that NIED is not a cognizable claim in Oregon—but that is not quite correct. A plaintiff can recover for negligent infliction of emotional distress, but only if he or she is also "physically injured, threatened with physical injury, or physically impacted by the tortious conduct." *Lockett v. Hill*, 182 Or. App. 377, 380 (2002); *see also Hammond v. Cent. Lane Commc'ns Ctr.*, 312 Or. 17, 22-23 (1991).

Here, J.H. alleged that she was physically injured or physically impacted by the tortious conduct: She alleged that "[a]s a result of Defendants' actions, individually and collectively, [she] suffered severe mental and emotional distress which triggered a stress related heart condition requiring her to have to undergo heart surgery." Dkt. 17-2 (J.H.'s Second Amended Complaint) at 16 ¶ 60. J.H. appears, therefore, to have pled a claim sounding in negligence. Whether J.H.'s claim will succeed on the merits is not for this Court to resolve—but J.H.'s pleading is sufficient to trigger Enumclaw's duty to defend the Norgrens.

PAGE 3 – OPINION AND ORDER

Enumclaw argues that although J.H. may have included a claim for negligence in her complaint, the factual allegations underlying her claim include only intentional conduct. When a cause of action is "by definition" intentional, the duty to defend is not triggered. *Eberdt v. St. Paul Fire & Marine Ins. Co.*, 36 Or. App. 679, 683 (1978). NIED, however, is by definition *not* intentional. Similarly, when a subjective intent to harm "is the only reasonable inference that may be drawn" from the allegations, a court may make that inference and hold that the duty to defend is not triggered. *Allstate Ins. Co. v. Stone*, 319 Or. 275, 279 (1994). Here, however, J.H. specifically pled that A.N. "negligently or recklessly inflicted severe emotional distress" on her. Dkt. 17-2 at 25 ¶ 104. That is an allegation—however short in proportion to the pleading as a whole—from which a subjective intent to harm cannot reasonably be inferred. Enumclaw must therefore defend the Norgrens.

The Norgrens's policy also includes an exception to coverage for damages "arising out of, or resulting from, actual, alleged, or threatened . . . physical or mental abuse." *See* F&R at 20. The policy does not define "abuse," but construed in congruence with its definition in Oregon's elder-abuse statutes, the term encompasses only "willful" conduct. *See* Or. Rev. Stat. § 124.005(1)(a). Under that construction, the exception for abuse does not encompass J.H.'s claim for NIED. Enumclaw urges the Court to consider the relevant dictionary definition: "physically harmful treatment." *Webster's Third New International Dictionary* 8 (unabridged ed. 2002). Taken at face value, that definition would encompass *all* "treatment" that was "physically harmful," and the exception then would swallow the rule. That cannot be the intended or reasonable meaning. Enumclaw may not abuse this exception to avoid defending the Norgrens.

The Norgrens also argue that because the tort of negligence is a "lesser included tort[]" within the tort of battery, J.H.'s battery claim is also sufficient to trigger Enumclaw's duty to

defend. *Cf. Ledford*, 319 Or. at 405 (quotation marks excluded). The Court need not reach this argument. Because J.H.'s claim for NIED "could, without amendment, impose liability for conduct covered by the policy," Enumclaw must defend the Norgrens against "the action."[2] *See id.* at 399-400.

## CONCLUSION

The Court declines to adopt the F&R. Enumclaw's motion for partial summary judgment on the duty to defend (Dkt. 23) is DENIED. The Norgrens' motion for partial summary judgement (Dkt. 16) is GRANTED. Enumclaw must defend the Norgrens in the underlying state-court action.

**IT IS SO ORDERED**.

DATED this 29th day of June, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] Whether Enumclaw must continue to defend the Norgrens should the underlying action at some point consist of claims only for conduct not covered by the policy is not before the Court at this time.

PAGE 5 – OPINION AND ORDER